# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5060 | **DATE** | 1/19/2011 |
| **CASE TITLE** | Epifanio Guzman vs. Town of Cicero, et al. | | |

**DOCKET ENTRY TEXT**

Within ten days of the date of this order, plaintiff Epifanio Guzman is to provide the court with proof that he has been named as the representative or administrator of his deceased brother's estate. If he fails to do so, this case will be dismissed. On its own motion, the court strikes the 1/21/2011 in-court ruling date.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Epifanio Guzman brought suit in state court against the Town of Cicero ("Cicero") and two unnamed Cicero police officers in connection with the death of his brother, Adiel Guzman, on June 28, 2009. On August 12, 2010, defendants removed this case to federal court. Defendants then moved to dismiss the complaint on September 2, 2010. Plaintiff failed to respond to defendants' motion. After I granted the motion as unopposed, plaintiff filed a motion to reopen the case. I entered and continued the motion, and allowed plaintiff to file a response to defendants' motion. On December 21, 2010, defendants replied.

Among other things, defendants argue that plaintiff has not established that he has standing to sue on behalf of his deceased brother. Plaintiff fails to respond to this argument. In his complaint, plaintiff states that he "intends to be appointed as Special Administrator of the Estate of Adiel Guzman pursuant to the Illinois Code of Civil Procedures [sic]." Compl. ¶ 30. Defendants argue that without such appointment, plaintiff lacks standing to sue.

Plaintiff has brought both federal and state law claims against the defendants. One of the claims brought by plaintiff is titled "Wrongful Death." I assume that this claim is based on the Illinois Wrongful Death Act, which allows the representative of a person who has died because of the wrongful act or negligence of another to sue on behalf of the decedent's heirs. 740 ILCS 180/2 *et seq*. If the only asset of the decedent's estate is a claim under the Wrongful Death Act, a person entitled to recover under the Act can seek court appointment as the decedent's special administrator to bring the claim. 740 ILCS 180/2.1. The Illinois Survival Act, on the other hand, does not create a separate cause of action, but "is merely the conduit through which a cause of action is transferred to the estate representative." *Crum v. Health Alliance-Midwest, Inc.*, 47 F. Supp. 2d 1013, 1016 (C.D. Ill. 1999); *see* 755 ILCS 5/27-6. The Survival Act permits the filing of an action to recover damages for the deceased person's injuries prior to death. *See Patch v. Glover*, 618 N.E. 2d 583, 591 (Ill. App. Ct. 1993); *Thomas ex rel. Smith v. Cook Cty. Sheriff*, 401 F. Supp. 2d 867, 873 (N.D. Ill. 2005) (decedent's personal representative

| STATEMENT |
|---|
| may bring claim under Section 1983). "[O]nly the administrator or executor of a decedent's estate, and not the decedent's survivors, can maintain an action on behalf of the decedent under the Survival Act." *Wilmere v. Stibolt*, 504 N.E.2d 916, 918 (Ill. App. Ct. 1987). <br><br>     Based on my review of the complaint, Epifanio is not bringing any individual claims on his own behalf and all claims are brought on behalf of the estate of the deceased. Because his complaint indicates that he has not yet been appointed as administrator of his brother's estate, the court will give him an opportunity to provide the necessary proof. Plaintiff is given ten days from the date of this order to provide the court with proof that he has been appointed as the representative or administrator of Adiel Guzman's estate. If he fails to file such proof, I will dismiss the case. |